UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALBERT HARDISTER, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 1:12-cv-1428-WTL-MJD |
| ) | |
| SUPERINTENDENT KEITH BUTTS, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Albert Hardister seeks a writ of habeas corpus based on his claim that the prison disciplinary proceeding identified as No. ISR 12-01-0083 is tainted by constitutional error. In that proceeding, Hardister was found guilty of violating prison rules by threatening.

Upon being found guilty of the identified misconduct, Hardister was sanctioned with a written reprimand, three months disciplinary segregation, and a ninety-day loss of earned credit time (suspended). Applicable rules of the Indiana Department of Correction provide: "the length of time that an offender may be under a suspended sanction is six (6) months from the date of the disciplinary hearing that imposed the suspended sanction." Hardister was found guilty on January 25, 2012. As such, his suspended sanctions expired six months later, on July 25, 2012. Hardister's suspended sanction was not enforced before July 25, 2012, meaning that the suspended sanction can never be enforced. Respondent filed a motion to dismiss arguing that Hardister no longer satisfies the custody requirement as a result of the suspended sanction.

"A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (internal citations omitted). It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992). Thus, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed." *Id.* (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). A court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997).

Hardister seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He is entitled to such a writ if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Obviously, therefore, being "in custody" is a requirement for seeking federal habeas relief. *See Maleng v. Cook,* 490 U.S. 488, 490 (1989); *Carter v. United States,* 733 F.2d 735, 736 (10th Cir. 1984), *cert. denied,* 469 U.S. 1161 (1985). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

The good-time credit sanction imposed in No. ISR 12-01-0083 did result in the imposition of "custody," for Hardister has a protected liberty interest in his good-time credits, and he may not be deprived of these without the minimum requirements of due process. *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002). Analysis here, however, also requires the court to determine whether the fact that this sanction was suspended affects Hardister's ability to satisfy the custody requirement. It does not. *See Cochran v. Buss,* 381 F.3d 637, 640 (7th Cir. 2004) (a

suspended sanction of the deprivation of good time qualifies as the deprivation of a protected liberty interest sufficient to trigger the guarantees of due process in *Wolff v. McDonnell,* 418 U.S. 539 (1974)).

As noted, the respondent's motion to dismiss is based on the fact that the suspended sanction was not invoked and now can no longer be imposed. A similar situation was addressed in *Cochran,* where the Court of Appeals explained that in a situation where the suspended sanction has expired and was never invoked, the possibility of suffering an actual deprivation of credit time–and thereby lengthening the anticipated period of an inmate's confinement–the "in custody" requirement of the federal habeas statute is no longer satisfied. *Cochran,* 381 F.3d at 640-41. Similarly, Hardister's suspended sanction has expired, was never invoked and does not constitute a custodial sanction.

As demonstrated above, Hardister no longer satisfies the "in custody" requirement. The action thus must be dismissed for lack of jurisdiction. The respondent's motion to dismiss [dkt. 19] is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/14/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Albert Hardister
921605
Pendleton - CF
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Kyle.Hunter@atg.in.gov